UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD FOY, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § § | JURY TRIAL DEMANDED |
| PETROLVALVES, LLC, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Richard Foy (referred to as "Plaintiff" or "Foy") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant PetrolValves, LLC (referred to as "Defendant" or "PV"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Foy's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and

sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. PV violated the FLSA by employing Foy and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. PV violated the FLSA by failing to maintain accurate time and pay records for Foy and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. FOY brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Foy resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Foy's claims occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Richard Foy is an individual who resides in Harris County, Texas and who was employed by PV during the last three years.

9. PetrolValves, LLC is a Texas limited liability company that may be served with process by serving its registered agent: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Alternatively, if the registered agent of PetrolValves, LLC cannot with reasonable diligence be found at the company's registered office, PetrolValves, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that PV committed any act or omission, it is meant that the PV's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of PV or was done in the routine and normal course and scope of employment of PV's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

11. PV manufactures and services valves for the oil and gas industry; it does business in the territorial jurisdiction of this Court.

12. PV employed Foy as a service representative from February 2014 to October 2015.

13. During Foy's employment with PV, he was engaged in commerce or the production of goods for commerce.

14. During Foy's employment with PV, the company had employees engaged in commerce or in the production of goods for commerce.

15. During Foy's employment with PV, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

16. During Foy's employment with PV, the company had an annual gross volume of sales made or business done of at least $500,000.

17. PV paid Foy on a salary basis.

18. Foy's salary, however, was subject to reduction based on the quantity or quality of his work.

19. In addition to his salary, PV awarded Foy compensatory time off (or "comp time") in lieu of overtime.

20. Under PV's comp time policy

> [e]xempt employees earn comp time (compensatory time off with pay) on the basis of one hour per additional hour worked, over and above 40 hours in the payroll week. An exempt employee must claim comp time by completing the comp time report form that week and submitting it to Human Resources for tracking. For PV jobs outside the PV office, a signed on-site time record should accompany the Comp Time Off report. Comp time may be used as paid time off at a mutually convenient time scheduled in advance. Employees should advise Human Resources when using comp time in the same manner they advise of vacation time off. No comp time will be honored

unless approved by the employees' (sic) immediate supervisor. Under no circumstances is an exempt employee entitled to payment for unused comp time at termination.

21. Because Foy's salary was subject to reduction based on the quantity or quality of his work and because he was paid comp time in lieu of overtime, he was, in reality, an hourly worker.

22. During Foy's employment with PV, he regularly worked in excess of forty hours per week.

23. PV knew or reasonably should have known that Foy worked in excess of forty hours per week.

24. PV did not pay Foy overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

25. Instead, PV (1) paid Foy a salary (which was subject to reduction based on the quantity or quality of his work) for the first forty hours he worked in a workweek and (2) awarded him comp time (at a ratio of one to one—i.e., one hour of comp time for each overtime hour worked) for the hours he worked over forty in a workweek.

26. In other words, PV paid Foy overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

27. PV knew or reasonably should have known that Foy was not exempt from the overtime provisions of the FLSA.

28. PV failed to maintain accurate time and pay records for Foy as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

29. PV knew or showed a reckless disregard for whether its pay practices violated the FLSA.

30. PV is liable to Foy for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

31. All service representatives or comp time workers employed by PV are similarly situated to Foy because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from PV pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

32. Foy adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33. During Foy's employment with PV, he was a nonexempt employee.

34. As a nonexempt employee, PV was legally obligated to pay Foy "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

35. PV did not pay Foy overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

36. Instead, PV (1) paid Foy a salary (which was subject to reduction based on the quantity or quality of his work) for the first forty hours he worked in a workweek and (2) awarded him comp time (at a ratio of one to one—i.e., one hour of comp time for each overtime hour worked) for the hours he worked over forty in a workweek.

37. Comp time is, of course, illegal in the private sector. *See*, 29 U.S.C. § 207(o) (restricting use of comp time to employees of a public agency—i.e., a state or a political subdivision of a state).

38. But even if PV qualifies as a public agency—and it does not—its comp time policy is nonetheless illegal because the company does not award "compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation [would ordinarily be] required" and because the company does not pay its employees for their accrued comp time "upon termination of employment[.]" 29 U.S.C. §§ 207(o)(1), (4).

39. In fact, other courts have determined that nearly identical policies and practices violate the FLSA. *See, e.g.*, *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611 (1991), *cert. denied*, 506 U.S. 905.

40. In other words, PV paid Foy overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

41. If PV classified Foy as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

42. PV knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, PV willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

43. Foy adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

44. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

45. In addition to the pay violations of the FLSA described above, PV also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

46. Foy adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

47. On information and belief, other employees have been victimized by PV's violations of the FLSA identified above.

48. These employees are similarly situated to Foy because, during the relevant time period, they held similar positions, were compensated in a similar

manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

49.     PV's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

50.     Since, on information and belief, Foy's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

51.     All employees of PV, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All service representatives or other comp time workers employed by PV during the last three years.

52.     PV is liable to Foy and the other service representatives and comp time workers for the difference between what it actually paid them and what it was legally obligated to pay them.

53.     Because PV knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Foy and the other service

representatives and comp time workers their unpaid overtime wages for at least the last three years.

54.     PV is liable to Foy and the other service representatives and comp time workers in an amount equal to their unpaid overtime wages as liquidated damages.

55.     PV is liable to Foy and the other service representatives and comp time workers for their reasonable attorneys' fees and costs.

56.     Foy has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

57.     Foy demands a trial by jury.

## IX.  Prayer

58.     Foy prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Foy and the other service representatives and comp time workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

  f. all such other and further relief to which Foy and the other service representatives and comp time workers may show themselves to be justly entitled.

          Respectfully submitted,

          MOORE & ASSOCIATES

         By: */s/ Melissa Moore*
          Melissa Moore
          State Bar No. 24013189
          Federal Id. No. 25122
          Curt Hesse
          State Bar No. 24065414
          Federal Id. No. 968465
          Lyric Center
          440 Louisiana Street, Suite 675
          Houston, Texas 77002
          Telephone: (713) 222-6775
          Facsimile: (713) 222-6739

         **ATTORNEYS FOR PLAINTIFF RICHARD FOY**